THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
TRENTON VICINAGE

| | |
|---|---|
| BLACK BEAR CAPITAL USA LLC,<br><br>　　　　　Plaintiff,<br><br>　　　　v.<br><br>EQUAL EARTH, INC.,<br><br>　　　　　Defendant. | Civil Action No.<br><br>**COMPLAINT**<br><br>**Electronically Filed** |

Plaintiff, by its attorney, Fisher Broyles, LLC, for its complaint herein, respectfully alleges as follows:

**THE PARTIES**

1.  Plaintiff, Black Bear Capital USA LLC ("Black Bear") is a New Jersey limited liability company with a principal place of business located at 100 Overlook Center, Princeton, New Jersey 08540.

2.  Defendant Equal Earth, Inc. ("Equal Earth") is a Delaware corporation with a principal place of business located at 2750 Womble Road, Suite 101, San Diego, CA 92106.

**JURISDICTION AND VENUE**

3.  This Court has jurisdiction over this action pursuant to 29 U.S.C. § 1332 because Black Bear and Equal Earth are citizens of diverse states and the amount in controversy exceeds $75,000.

4.  Venue exists because Black Bear's principal place of business is in Princeton, New Jersey.

5. Personal jurisdiction exists because Equal Earth has transacted business in New Jersey.

**FACTS COMMON TO ALL CLAIMS**

6. Black Bear originates, structures, and finds financing sources for renewable energy projects on behalf of investors. Black Bear also helps developers position their projects and portfolios to obtain financing.

7. Upon information and belief, Equal Earth is a renewable energy company in the business of investing in solar projects.

8. Commencing in or about November 2014, Black Bear and its affiliate began discussions with Equal Earth about funding renewable energy projects.

9. From the beginning, Black Bear required proof that Equal Earth had the funding to participate in the projects.

10. Equal Earth repeatedly provided such proof.

11. The structure of the transactions was that Black Bear would introduce Equal Earth to projects, which Equal Earth would acquire at substantial completion of construction.

12. As security for the transactions, and as an inducement for Black Bear and the Developer to enter into the transactions, Equal Earth would post a standby letter of credit ("SLOC") before construction began.

13. Black Bear would then use the SLOC to obtain construction financing.

14. On or about January 18, 2015, the Parties executed a Letter of Intent for the development and purchase of two (2) twenty (20) MW DC solar photovoltaic projects in El Paso, Texas (the "El Paso Project.")

15. In the Letter of Intent, Equal Earth represented that it "has the financial capacity to secure the SLOC."

16. The purchase price for the El Paso Project was $69.2 Million.

17. On or about March 5, 2015, Black Bear, Equal Earth and the seller, non-party Mount Olive I, LLC ("Mount Olive"), entered into a Memorandum of Understanding (the "MOU") regarding the development and purchase of two (2) five (5) MW AC solar photovoltaic farms in North Carolina (the "North Carolina Project").

18. In the MOU, Equal Earth represented that it "has the financial capacity to secure the SLOC."

19. The purchase price for the North Carolina Project was $24 Million.

20. Black Bear's revenue from the North Carolina Project was approximately $1,800,000.

21. In order to induce Black Bear to sell it the Projects, Equal Earth made numerous material representations about its ability to fund the projects and obtain the SLOC's.

22. Specifically, Equal Earth advised Black Bear that it had $100 million in capital from the following sources: (i) a partnership with an investor who had committed to provide up to $50 Million to finance solar power purchase agreements for businesses, utilities and non-profit groups (the "$50 Million Fund"); (ii) $40 million plus from another investor (the "$40 Million Fund"); and (iii) its own corporate equity (the "Corporate Equity Fund").

23. Equal Earth placed considerable emphasis on the $50 Million Fund and the $40 Million fund as a financing source for the El Paso and North Carolina Projects.

24. On or about April 13, 2015, after the MOU was executed, Equal Earth continued to make these material representations about the availability of the $50 Million Fund and its overall ability to finance the North Carolina Projects.

25. On or about April 28, 2015, just weeks after Equal Earth repeated its representation about its ability to fund the North Carolina Project, the managing partners of Black Bear flew to California to meet with representatives of Equal Earth (the "May Meetings.")

26. During the May Meetings, Andrew Duggan, the Chief Executive Officer, and Kursat Misirlioglu, the Chief Financial Officer, admitted that Equal Earth did not have the capital to purchase the North Carolina Project or obtain the SLOC.

27. Upon information and belief, Equal Earth had not spoken to the $50 Million Fund since December, 2014 and had not discussed the North Carolina or El Paso Projects with that Fund.

**FIRST CAUSE OF ACTION**
**MISREPRESENTATION AND FRAUD**

28. Plaintiff repeats and alleges paragraph Numbers 1 through 27 as if repeated fully herein.

29. Equal Earth, and its officers, directors, employees and agents, made material misrepresentations when they stated that Equal Earth had the financial capability to secure the SLOC.

30. The representations made by Equal Earth were material.

31. Black Bear relied upon the misrepresentations made by Equal Earth.

32. Black Bear was induced to enter into the MOU based upon the misrepresentations made by Equal Earth.

4

33. The representations made by Equal Earth were false and were known by Equal Earth to be false at the time that they were made.

34. The representations were made with the intent that Black Bear would act upon them.

35. Black Bear did in fact act upon the representations.

36. Black Bear was fraudulently induced into entering into the MOU.

37. As a result of Equal Earth's representations and fraudulent conduct, Black Bear has suffered damages in the amount of $1,800,000.

## SECOND CAUSE OF ACTION
## BREACH OF CONTRACT – NORTH CAROLINA PROJECTS

38. Plaintiff repeats and alleges paragraph Numbers 1 through 37 as if repeated fully herein.

39. Equal Earth's representation that it "has the financial capability to secure the SLOC" was a material term to the agreement between the parties.

40. Equal Earth breached the agreement because it did not have the financial capability to secure the SLOC.

41. Black Bear has been damaged Equal Earth's breach of contract in the amount of $1,800,000.

## THIRD CAUSE OF ACTION
## BREACH OF THE CONVENAT OF GOOD FAITH AND FAIR DEAILING

42. Plaintiff repeats and alleges paragraphs 1 through 41 of the complaint as if repeated fully herein.

43. A valid contract exists between the parties.

44. Equal Earth acted with bad motives or intentions or engaged in deception or evasion in the performance of contract.

45. By such conduct, Equal Earth denied Black Bear of the bargain initially intended by the parties

## FOURTH CAUSE OF ACTION

46. Plaintiff repeats and alleges paragraph Numbers 1 through 45 as if repeated fully herein.

47. Equal Earth agreed to reimburse Black Bear for the expenses it incurred in connection with the North Carolina Project and another project located in North Carolina.

48. Black Bear provided Equal Earth with a full accounting of the expenses it incurred, as well as all of the back-up documentation to substantiate the expenses.

49. Equal Earth has refused to reimburse Black Bear for its expenses.

50. As a result of Equal Earth's failure to reimburse Black Bear for its expenses, as promised, Black Bear has been damaged in the amount of $41,170.58.

WHEREFORE, Plaintiff demands judgment against Equal Earth:

1. Judgment against Equal Earth for the sum of $1,800,000 under its First Cause of Action for fraud and misrepresentation.

2. Judgment against Equal Earth for the sum of $1,800,000 under its Second Cause of Action for breach of contract.

3. Judgment against Equal Earth for the sum of $1,800,000 under its Third Cause of Action for breach of the covenant of good faith and fair dealing.

4. Judgment against Equal Earth for the sum of $41,170.58 under its Third Cause of Action for reimbursement of its expenses.

5.  For such other and further legal and equitable relief as the Court may deem just and proper, including, but not limited to, compensatory and consequential damages, interest, attorneys' fees and costs.

Dated: June 24, 2015

**FISHERBROYLES, LLP**
a Georgia Limited Liability Partnership

  s/  Mukti N. Patel
MUKTI N. PATEL (NJ Bar No.: 015122002)
100 Overlook Center
Second Floor
Princeton, New Jersey 08540
Tel:  (609) 436-9898
Fax:  (732) 414-2570
Email:  mukti.patel@fisherbroyles.com

*Attorneys for Plaintiff,*
*Black Bear Capital USA LLC*